**DARRELL HARRIS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CIV–90–1282–P.

United States District Court, W.D. Oklahoma.

May 7, 1991.

Darrell Harris, pro se.

Jay P. Golder, Trial Atty., Washington, D.C., for defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PHILLIPS, District Judge.

## I. INTRODUCTION

At issue is defendant United States of America's ("United States") motion for summary judgment filed March 12, 1991. Plaintiff Darrell Harris, Inc. responded on March 26, 1991, to which defendant replied on April 12, 1991. The issues at hand are whether Darrell Harris is an employee of plaintiff Darrell Harris, Inc., and if so whether plaintiff had a reasonable basis to believe Darrell Harris was not an employee so as to avoid a tax penalty for failing to file tax returns and failing to make timely deposits of taxes. The Court rejects plaintiff's contention that defendant's motion was filed out of time. Defendant filed an application to file an outsized brief within the time permitted by the Court's Scheduling Order, and the present motion was reasonably filed after that application was granted by the Court.

## II. STANDARD FOR SUMMARY JUDGMENT

The facts presented to the court upon a motion for summary judgment must be construed in a light most favorable to the nonmoving party. *Board of Educ. v. Pico*, 457 U.S. 853, 864, 102 S.Ct. 2799, 2806–07, 73 L.Ed.2d 435 (1982); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). If there can be but one reasonable conclusion as to the material facts, summary judgment is appropriate. Only genuine disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Finally, the movant must show entitlement to judgment as a matter of law. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985); Fed.R.Civ.P. 56(c).

Although the Court must view the facts and inferences to be drawn from the record in the light most favorable to the nonmoving party, "even under this standard there are cases where the evidence is so weak that the case does not raise a genuine issue of fact." *Burnette v. Dow Chem. Co.*, 849 F.2d 1269, 1273 (10th Cir.1988). As stated by the Supreme Court, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 1).

The Supreme Court articulated the standard to be used in summary judgment cases, emphasizing the "requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). A dispute is "genuine" "if a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The Court stated that the question is "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512. "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [party]." *Id.* at 252, 106 S.Ct. at 2512.

## III. UNDISPUTED FACTS

Rule 14(B) of the Western District of Oklahoma provides a framework for determining undisputed facts at the summary judgment stage. The Rule provides:

The brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies. The brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section which contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.

W.D.Okla.R. 14(B).

A review of United States's brief and Darrell Harris, Inc.'s response reveals the following facts are undisputed within the meaning of Rule 14(B) for the purposes of this motion only:

1. This is a civil action brought by Darrell Harris, Inc. ("plaintiff") pursuant to title 28, section 1346(a)(1) of the United States Code to recover Internal Revenue taxes and penalties of $507.87 and interest of $243.25 assessed against and paid by the plaintiff for the taxable quarter ending March 31, 1986.

2. The United States filed a counterclaim against the plaintiff for unpaid federal employment tax assessments, penalties and interest in the amount of $4,966.92, plus statutory additions, for the second, third and fourth taxable quarters of 1986 and for all four taxable quarters of 1987.

3. The United States filed a counterclaim against the plaintiff for unpaid FUTA assessments, penalties and interest in the amount of $659.54, plus statutory additions, for the tax years ending December 31, 1986, and December 31, 1987.

4. The United States of America is the defendant in this action.

5. The periods in question are all four quarters of both 1986, and 1987.

6. The plaintiff is a professional corporation incorporated under the laws of the State of Oklahoma, and is a "C" corporation for purposes of federal income taxation.

7. The plaintiff was incorporated in order to protect the business assets from ongoing litigation involving its only principal, Darrell Harris.

8. The plaintiff began operating in 1982.

9. The plaintiff performed basic accounting services, bookkeeping services, compilations, tax services, including tax planning and tax return preparation.

10. The plaintiff's principal place of business during the period in question, was located at 1732 Northwest 63rd, Oklahoma City, Oklahoma.

11. During the periods in question, Darrell Harris was the sole shareholder, director and president of plaintiff, and resided at 1732 Northwest 63rd, Oklahoma City, Oklahoma.

12. During the periods in question, Darrell Harris performed bookkeeping, accounting work, tax planning, and tax re-

turn preparation (hereinafter referred to as "accounting services") for the plaintiff.[1]

13. In his capacity as president, director and sole shareholder, Darrell Harris presided at the regular meetings of the Board of Directors.

14. In his capacity as president, Darrell Harris made all fundamental decisions of the plaintiff.

15. In his capacity as president, Darrell Harris exercised supervision over the plaintiff's affairs.

16. Darrell Harris was the only individual who supervised, controlled, and directed the business of the plaintiff, including making management decisions.

17. Darrell Harris was the only individual responsible for the affairs of the plaintiff.

18. Darrell Harris was the only individual who performed accounting services for the plaintiff during the periods in question.

19. During the periods in question, Darrell Harris did not perform any accounting services for anyone other than the plaintiff.

20. Darrell Harris worked full time for the plaintiff.

21. Darrell Harris had no supervisors.

22. Darrell Harris' services were integral to the operation of the plaintiff.

23. Darrell Harris was entitled to receive compensation not to exceed $25,000 for his services as president of the plaintiff for the calendar year 1986.

24. Darrell Harris was entitled to receive compensation not to exceed $50,000 for his services as president of the plaintiff for the calendar year 1987.

25. Darrell Harris had authority to sign corporate checks on behalf of the plaintiff.

26. The only other officer of the plaintiff during the periods in question was Judy Andrewski, an assistant secretary.

27. As assistant secretary, Judy Andrewski also had authority to sign corporate checks on behalf of the plaintiff and also signed the corporate minutes.

28. The only major corporate function performed by Judy Andrewski was signing the corporate minutes.

29. The plaintiff did not rely on a prior audit of its tax return by the Internal Revenue Service ("IRS") in not treating the individual Darrell Harris as an employee.

30. The only judicial precedent, published rulings, or technical advice that the plaintiff relied on in not treating Darrell Harris as an employee was Letter Ruling 8616002 and Treas. Reg. section 31.3401(c)–1(f).

31. Letter Ruling 8616002 was not issued to the plaintiff by the IRS.

32. In not treating Darrell Harris as an employee, the plaintiff did not rely on a long-standing recognized practice of the accounting and tax industry in which Darrell Harris was engaged.

33. Plaintiff claims a reasonable basis existed under section 530 of the Revenue Act of 1978 for not treating Darrell Harris as an employee because its cash flow created undue business hardship in paying fixed amounts on a daily basis.

34. The plaintiff and Darrell Harris were located in the same office space during the periods in issue.

35. The plaintiff's bills for business expenses and Darrell Harris' bills for personal expenses were commingled.

36. The plaintiff paid the entire amount of the commingled bills and treated the portion of the bill allocated to Darrell Harris' personal expenses as an advance to Darrell Harris on the plaintiff's books.

37. The method adopted by the plaintiff in paying expenses would require the plaintiff to allocate substantially more funds to Darrell Harris in order to withhold money for purposes of federal employment taxes.

**1.** It was also undisputed that the plaintiff claims Darrell Harris' services as president, director and sole shareholder, as well as his accounting services, were provided to the plaintiff in the capacity of an independent contractor; and in the alternative, the plaintiff claims it had a reasonable basis under section 530 of the Revenue Act of 1978 for not treating Darrell Harris as an employee. However, these claims are not facts within the meaning of Rule 14(B).

38. During the periods in question, the plaintiff did not discuss with any accountant whether or not plaintiff was required to treat Darrell Harris as an employee.

39. During the periods in question, the plaintiff did not discuss whether or not it was required to treat Darrell Harris as an employee with anyone else.

40. The plaintiff claims it had reasonable cause for failing to file tax returns and for failing to make deposits of taxes pursuant to sections 6651(a) and 6656(a) of the Internal Revenue Code based on a good faith reliance on section 530 of the Revenue Act of 1978.

41. Darrell Harris is a graduate of the University of Oklahoma and a Certified Public Accountant ("CPA"), who has completed between 40–60 hours of accounting classes in pursuing a Masters of Accountancy degree.

42. Darrell Harris is a former controller of two corporations and a former tax manager in the federal income tax department of Coopers & Lybrand.

United States' brief at 4–10 (Mar. 12, 1991); Darrell Harris, Inc.'s response brief at 3 n. 2 (Mar. 26, 1991).

## IV. ANALYSIS

### A. *Determination of Employee or Independent Contractor Status*

■ For the reasons set forth below the Court finds Darrell Harris ("Harris") was a statutory, as well as a common law, employee of plaintiff Darrell Harris, Inc., instead of an independent contractor as urged by plaintiff. It is undisputed Harris was the sole shareholder, director, and president of his professional corporation, which was incorporated in 1982 for the purpose of protecting business assets from ongoing litigation involving its only principal, Harris. It is also undisputed Harris exclusively performed bookkeeping, accounting work, tax planning, and tax return preparation for plaintiff during the relevant periods of time on a full-time basis and without supervision. In his capacity as president, Harris presided at the regular meetings of the Board of Directors. The only other corporate officer was Harris'

wife who served as assistant secretary and had authority to sign corporate checks, but her only corporate function was to sign the annual corporate meeting minutes.

Harris also made all fundamental decisions for plaintiff, exercised exclusive authority over all of plaintiff's affairs, and was the only person who supervised, controlled, and directed the business, including all management decisions. It is further undisputed Harris was entitled to receive $25,000 annual salary for his services in 1986, which was doubled to $50,000 in 1987. Harris also commingled his personal bills with those of plaintiff, and paid his personal bills as an advance on plaintiff's books.

Plaintiff accrued substantial tax savings by classifying Harris as an independent contractor. Consequently, plaintiff did not have to pay: (1) Federal Insurance Contributions Act ("FICA") taxes, governed by sections 3101 to 3106 of the Internal Revenue Code, as amended (26 U.S.C.) (the "Code"); (2) Federal Unemployment Tax Act ("FUTA") taxes, governed by sections 3301 to 3311 of the Code; and (3) Income tax withheld at the source ("wage withholding") taxes, governed by sections 3401 to 3406 of the Code.

Sections 3121(d) and 3402(a) of the Code provide that the term "employee" includes any officer of the corporation. Section 3306(i) incorporates that definition by reference. An employee is also defined as "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, had the status of an employee." *See* sections 3121(d)(2), 3306(i) and 3401(c) of the Code. There is no doubt, and no reasonable finder of fact could find otherwise, that under the undisputed facts in this case Darrell Harris was a statutory employee of plaintiff in his role as a corporate officer, and moreover was a common law employee in his role as a provider of services. *See Spicer Accounting, Inc. v. United States*, 918 F.2d 90, 94 (9th Cir.1990) (officer who performs substantial services for corporation is an employee and claim of independent contractor was specifically rejected because taxpayer was provided supplies and place to work, work was exclusive, and services

were integral to corporation); *Texas Carbonate v. Phinney*, 307 F.2d 289, 291, 293 (5th Cir.1962) (Taxpayer-officer held to be employee where "[h]e engaged in no business activity for others, and his work for the company was in no sense incidental to a separate or independent business or profession."); *accord C.D. Ulrich, Ltd. v. United States*, 692 F.Supp. 1053, 1055 (D.Minn. 1988). Only officers who perform no services or perform only minor services and who are not entitled to receive any direct or indirect remuneration are exempted from employee tax status. Treasury Regulations sections 31.3121(d)–1(b) (FICA), 31.-3306(i)–1(e) (FUTA) & 31.3401(c)–1(f) (withholding of wages). Darrell Harris fails to qualify for exemption on both prongs of the test.

"Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial,'" and summary judgment can be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Darrell Harris, Inc. has attempted to raise a factual dispute by way of an affidavit regarding the extreme fluctuations of cash flow of the corporation, which prevented establishment of a fixed salary for Darrell Harris. This fact is simply immaterial to the issue of whether Harris was an employee or an independent contractor, and even if it was material, the Court finds the affidavit to be conclusionary and insufficient to defeat summary judgment. *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1380 & n. 7 (10th Cir.1980); Fed.R.Civ.P. 56(e). It does not matter that the determination of whether Darrell Harris was an employee or an independent contractor is a fact question as argued by plaintiff. If there is no genuine dispute as to that fact question, then defendant is entitled to summary judgment as a matter of law on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12; Fed.R.Civ.P. 56(c).

B. *Reasonable Basis for Determination of Employee Status and Non–Filing and Non–Payment of Taxes*

▇ Next, plaintiff Darrell Harris, Inc. argues it had a reasonable basis to not treat its only worker as an employee because extreme fluctuations in the corporation's cash flow prevented the establishment of a fixed salary to compensate Harris. However, the United States points out that other than conclusionary allegations, plaintiff has presented no evidence of cash flow problems over the relevant period of time. Without weighing the evidence the Court also notes the incongruence of plaintiff's action of doubling its chief corporate officer's maximum salary from $25,000 to $50,000 during a time it now asserts it had extreme cash flow problems.

Moreover, instead of paying Harris a fixed salary, plaintiff commingled Darrell Harris' personal bills with its own, and paid the personal bills through salary advances to Harris. As a practical matter Harris was paid the equivalency of a fixed salary, and plaintiff's sleight-of-hand cannot go unnoticed. Also, the United States makes a persuasive argument that the salary advances in effect depleted the corporate funds and thus prevented direct payment of a fixed salary to Harris. Beyond consideration of Harris' status as a provider of services, plaintiff was required to consider its corporate officer as a statutory employee for tax purposes, which it did not. This failure alone undercuts plaintiff's good faith argument, which is tenuous at best. Finally, the United States argues the "cash flow problem" defense leads to an absurd result and sets a bad precedent for any other corporation experiencing hard times. The Court agrees that this exception would consume the rule, and should be reserved only for late-payment-of-tax issues where there has been no willful neglect.

Section 530(a)(1) of the Revenue Act of 1978, Pub.L. No. 95–600, 92 Stat. 2763, provides a worker shall not be deemed to be an employee unless the taxpayer had no reasonable basis for not treating the worker as an employee. The statute further provides there are three "safe harbors" that form the basis for an objective reasonable basis standard. These safe harbors are: (1) judicial precedent, published rul-

ings, technical advice to the taxpayer or a letter ruling to the taxpayer; (2) a past favorable IRS audit on the same issue; and (3) long-standing, recognized practice of the significant industry in which the individual was engaged.

 Plaintiff has argued it relied on Letter Ruling 8616002 (July 17, 1985). However, this ruling does not qualify as a safe harbor because it was not issued to the taxpayer as required by the Code and is not reasonably relevant to the facts of this case; it therefore provides no reasonable basis for plaintiff's actions. Plaintiff also relies on Treasury Regulation section 31.-3401(c)–1(f), which as previously indicated, excludes from employee status, corporate officers who perform merely minor services for no entitlement of pay. In sharp contrast, Harris provided exclusive, substantial, and integral services for entitlement of substantial pay. It is spurious for a CPA with a Masters Degree in Accountancy with Harris' experience as a former controller of two corporations and a former tax manager in the federal income tax department of a Big Eight accounting firm to claim reliance on this statute. None of the other safe harbors apply to plaintiff as well.

 However, a taxpayer may still be entitled to relief under the Act if the taxpayer otherwise had a reasonable basis for treating its worker as an independent contractor. Rev.Proc. 78–35, § 3.01, 1978–2 C.B. 536. This reasonable basis is to be liberally construed in favor of the taxpayer. *General Inv. Corp. v. United States*, 823 F.2d 337, 340 (9th Cir.1987). "Without question, Congress intended to protect employers who exercised good faith in determining whether their workers were employees or independent contractors." *Id.* But even taking these highly favorable standards into account, the Court believes no reasonable trier of fact could find plaintiff had a reasonable basis to believe Harris was an independent contractor; to the contrary, plaintiff's belief was wholly unreasonable. The Court rejects plaintiff's "fixed salary" argument as insupportable.

As the United States points out, plaintiff's reliance on one court's finding that a taxpayer's financial condition should be considered in determining whether taxes should be timely paid has no applicability to the issue of the proper classification of a worker, which is presented by the instant case. *See In re Pool & Varga, Inc.*, 60 B.R. 722, 727 (Bankr.E.D.Mich.1986). Finally, plaintiff argues "[t]hus, Harris, Inc., strenuously asserts it had not only reasonable basis not to treat its workers as employees, but reasonable cause for non-filing and non-payment of taxes applicable to employees, as well." Plaintiff's brief at 12; *see* 26 U.S.C. §§ 6651 and 6656. The Court is not certain, but if plaintiff is arguing under the previously cited authority that even if plaintiff is wrong on the employee status issue, which it is, then it should be excused from paying a penalty because it would suffer an undue hardship if it timely paid its taxes, then the Court simply rejects the argument.

First, the theory would not excuse non-filing of taxes, but rather only late payment. *In re Pool & Varga, Inc.*, 60 B.R. at 727. Here, there was no payment by plaintiff whatsoever regarding the employee status of Harris. Plaintiff's argument, if there is one, is only makeweight in this regard. Second, there is no evidence to support such a hardship argument, except for the conclusionary, self-serving testimony of Harris regarding the "extreme fluctuations in cash flow of Darrell Harris, Inc....." Plaintiff's brief at app., Affidavit of Darrell R. Harris at 1. *Cf. id.* at 725–26 (taxpayer had specific evidence showing late payment of taxes, and potential failure of business if taxes were timely paid). Therefore, the Court finds plaintiff did not "exercise[ ] ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time," and therefore the delay is not due to reasonable cause. Treasury Regulations section 301.6651–1(c)(1). Finally, plaintiff cannot prove its failure to pay taxes was not due to "willful neglect", and the failure was "due to reasonable cause." Section 6651(a)(1); section 6656(a).

### V. CONCLUSION

Accordingly, the Court finds summary judgment is GRANTED to defendant United States. Plaintiff's complaint is therefore dismissed with prejudice, and judgment is granted to the United States on its counterclaim as it requested. Defendant United States is hereby ORDERED to file a final entry of judgment consistent with this Order and the local rules. W.D.Okla.R. 23(A). The case is hereby STRICKEN from the Court's May 1991, trial docket.

IT IS SO ORDERED.